UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-81065-CV-MIDDLEBROOKS/Brannon

KINON SURFACE DESIGN, INC.,

    Plaintiff,

v.

HYATT CORPORATION,

    Defendant.

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court on the Motion to Dismiss filed by Defendant Hyatt Corporation ("Hyatt"), challenging both subject matter and personal jurisdiction in this copyright infringement action, filed on September 18, 2018. (DE 5). Plaintiff, Kinon Surface Design, Inc. ("Kinon"), filed a Response in opposition to Hyatt's motion on October 16, 2018 (DE 10), to which Hyatt replied on November 2, 2019 (DE 13). For the reasons set forth below, Hyatt's motion is denied.

## BACKGROUND

Kinon manufactures proprietary hand cast resin panels used as decorative surface material in high-end interior design projects. (DE 1 at ¶ 8). In January of 2015, Kinon was issued a Copyright Registration certificate for Pattern Number 228, one of its unique patterned surface designs. (DE 1 at ¶¶ 12, 15).

A representative of Hyatt contacted Kinon in 2011, inquiring about use of Kinon's panels as headboards behind the beds in all the guest rooms of a new hotel in China, the Grand Hyatt Dalian. (DE 1 at ¶ 18-19). Kinon sold two full sheets of Kinon Pattern Number 228 to Hyatt

representatives to enable them to evaluate its desirability for use in its guest rooms. (DE 1 at ¶ 21-22). Several months later, Kinon's CEO, Richard Satz, along with Kinon's VP of Sales, traveled to China and met with Zhang Wei, who was in charge of construction of the hotel. (DE 1 at ¶ 23). At that time, they viewed mockups of two model rooms at the grand Hyatt Dalian decorated with headboards made from Kinon material. (DE 1 at ¶ 24). Sometime later, in 2013, Kinon sent a written estimate to Wei, who requested a cheaper price. (DE 1 at ¶¶ 25-27). Kinon agreed to lower its estimate to approximately $1.5 million for the approximately 750 panels needed to complete the project utilizing Pattern 228 in all of the guest rooms. (DE 1 at ¶ 28). When Wei failed to respond to the offer, Satz assumed that Wei had chosen different materials for the headboards. (DE 1 at ¶ 28).

In 2016 however, Satz was curious about what material Hyatt ultimately decided to use, and he visited the website for the Grand Hyatt Dalian hotel, which was accessible in English on Defendant Hyatt Corporation's U.S. website. (DE 1 at ¶ 29). Hyatt's U.S. website was used by Hyatt to "advertise, market, and promote its business activities to customers around the world." (DE 1 at ¶ 34). While visiting the site, Satz noticed that the photographs advertising the rooms at the Grand Hyatt Dalian depicted what appeared to be the same mock-up guest rooms decorated with the Kinon pattern which Satz had seen while visiting Wei. *Id.* Other online searches conducted later revealed that one or more guests of the Grand Hyatt Dalian had posted photos of their actual guest rooms and those photos also depicted identical copies of Pattern number 228 used as headboards. (DE 1 at ¶ 30). Hyatt has never been licensed to copy, distribute or display Kinon's work, aside from the purchasing of the samples in or around 2011. (DE 1 at ¶ 35).

Kinon brought this suit claiming copyright infringement against Hyatt in violation of U.S. copyright law, 17 U.S.C. § 501 (Count I), and in violation of Chinese copyright law (Count

II). Hyatt filed this motion to dismiss arguing (1) lack of subject matter jurisdiction because the infringing acts occurred in China; (2) lack of personal jurisdiction over Hyatt; and (3) improper venue.

## DISCUSSION

### A. Subject Matter Jurisdiction

A plaintiff bringing suit in federal court must affirmatively allege facts that, taken as true, show the existence of federal subject matter jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Under 28 U.S.C. § 1338, district courts have original jurisdiction over civil actions arising under federal copyright law. Count I of Kinon's Complaint is brought under the federal Copyright Act, 17 U.S.C. §501, alleging a variety of infringing activities, including unauthorized "copying and displaying of Kinon's original copyrighted works of visual and decorative art." (DE 1 at ¶¶ 1-3, 41).

Federal copyright law, however, "has no extraterritorial effect, and cannot be invoked to secure relief for acts of infringement occurring outside the United States." *Palmer v. Braun*, 376 F.3d 1254, 1258 (11th Cir. 2004).[1] Thus, to be actionable, an infringing act must occur within the United States. *Id.* Here, Hyatt correctly points out that Kinon's allegations of infringing conduct involve activities which apparently occurred mostly in China. However, Kinon also alleges at least one infringing act that occurred within the United States, namely, that Hyatt "displayed the infringing copies of Kinon's work in the U.S." "on its website in order to advertise, market, and promote its business activities to customers around the world," including in the United States. In an action for direct infringement, the owner of a copyright may bring a claim against anyone

---

[1] Hyatt frames this issue as involving the court's subject matter jurisdiction, however I note that a circuit split exists on the issue of whether extraterritorial application of the copyright act is a jurisdictional question, or rather whether evidence that the infringing conduct occurred within the United States is more appropriately viewed as an element of proof of plaintiff's claim. *See Litecubes, LLC v. N. Light Prod., Inc.*, 523 F.3d 1353, 1357 (Fed. Cir. 2008).

3

who violates one of the "exclusive rights" protected by the Copyright Act, including "in the case of . . . pictorial, graphic, or sculptural works, . . . to display the copyrighted work publicly." 17 U.S.C. § 106(5), and 17 U.S.C. § 501(a). The displaying of copyrighted material on the internet can constitute an act of infringement. *See, e.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146,1160 (9th Cir.2007) (explaining technical rationale behind holding that "Google's communication of its stored thumbnail images directly infringe[d] [the Plaintiff's] display right" under the Copyright Act). Hyatt appended a declaration prepared by one of its corporate representatives as an exhibit to its Motion to Dismiss. The declaration contains a long list of denials of Hyatt's involvement in various infringing activities which presumably occurred in China, but the declaration does not deny that Hyatt displayed photographs of Kinon's copyrighted material on its U.S. website.

Count II of Kinon's complaint alleges copyright infringement under Chinese law. District courts may invoke supplemental jurisdiction, subject to certain exclusions, "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . ." 28 U.S.C. § 1367(a). Due to the transitory nature of causes of action for copyright infringement, substantial precedent exists for the proposition that infringement cases "may be adjudicated in the courts of a sovereign other than the one in which the cause of action arose." *London Film Prods. Ltd. v. Intercontinental Commc'ns, Inc.*, 580 F. Supp. 47, 49 (S.D.N.Y. 1984). There is "no principled reason to bar, in absolute fashion, copyright claims brought under foreign law for lack of subject matter jurisdiction." *Rundquist v. Vapiano SE*, 798 F. Supp. 2d 102, 130 (D.D.C. 2011) (collecting cases).

Contrary to Hyatt's assertions, the fact that Count II involves application of the law of the People's Republic of China is not in and of itself sufficient to create an exceptional circumstance

4

which justifies declining supplemental jurisdiction. Even if uncommon, federal courts are sometimes called upon to determine questions arising under foreign law. Fed. R. Civ. P. 44.1 ("A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source. . ."). *See also Animal Sci. Prod., Inc. v. Hebei Welcome Pharm. Co.*, 138 S. Ct. 1865 (determining Chinese law within context of a Sherman Act case in which defendant, a Chinese vitamin seller, argued that Chinese law required it to fix prices of exports).

Because subject matter jurisdiction exists as to Count I, I have discretion whether to exercise supplemental jurisdiction over Count II. At this stage in the litigation, I decline to dismiss Count II solely on the basis that it involves issues arising under foreign law. The factual allegations underlying both of Kinon's copyright infringement counts involve substantial overlap, and Hyatt has not met its burden of demonstrating that the circumstances here are sufficiently extraordinary to warrant dismissal of Count II.

### B. Personal Jurisdiction

A plaintiff seeking to establish the court's jurisdiction over a nonresident defendant must make a prima facie case of personal jurisdiction over the defendant. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). If the defendant submits affidavits contradicting the plaintiff's allegations, the burden shifts back to the plaintiff to produce evidence proving jurisdiction. *Id.* To the extent that the allegations in the plaintiff's complaint conflict with those in the defendant's affidavits, "the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

"A federal court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which is sits and to the extent allowed under the

5

Constitution." *Stubbs*, 447 F.3d at 1360. To determine whether a court can exercise personal jurisdiction over a nonresident defendant, courts undertake a two-part analysis. *Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 919 (11th Cir. 1989). First, courts determine whether the state's long-arm statute is satisfied. *Id.* Because the reach of a state's long-arm statute is a question of state law, federal district courts construe state long-arm statutes as would the courts of the state. *See United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Second, courts must analyze whether sufficient minimum contacts exist between the defendant and the state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### 1. Florida's Long-Arm Statute

The scope of the long-arm statute is an issue of state law. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). Florida's long-arm statute permits state courts to exercise jurisdiction over a cause of action arising out of a tortious act committed within Florida. *See* Fla. Stat. § 48.193(1)(b). Copyright infringement constitutes a tortious act within the meaning of Florida's long-arm statute for purposes of establishing personal jurisdiction. *See Cable/Home,* 902 F.2d at 857 (11th Cir. 1990). Moreover, "[f]or the purposes of the statute, the defendant does not have to be physically present in Florida for the tortious act to occur within that state." *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1296 (11th Cir. 2009). Thus, the long-arm statute permits personal jurisdiction over a nonresident defendant who is alleged to have committed a tort causing injury in Florida. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216 (11th Cir.1999).

For purposes of this analysis, the nature of the relevant infringement was Hyatt's alleged "display" of Kinon's copyrighted pattern on its website to advertise, market, and promote Hyatt's business activities to customers, including customers in Florida. Here, Kinon alleges that it is a corporation with its primary place of business in Boynton Beach, Florida. (DE 1 at ¶6). Kinon further alleges that its founder and president, Richard Satz, "visited the website for the [Grand Hyatt Delian] on the Hyatt [Corporation]'s U.S. website" and at that time observed its copyrighted work displayed there. (DE 1 at ¶¶7, 29). These allegations are sufficient to establish that Kinon suffered injury in Florida for purposes of the "tortious act" provision of the long-arm statute.

Moreover, Kinon sufficiently alleges that Hyatt committed the tort of infringement in Florida. "[A] nonresident defendant may commit a tortious act within the state by electronic, written, or telephonic communication into Florida so long as the cause of action arises from such communication." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1321 (M.D. Fla. 2010). Tortious acts committed through the posting of words or images on a website are not "electronic communications" in the traditional sense in that such postings are generally not directed at a particular person or state, and also because the images are accessible through the internet from virtually any forum. *See Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1321 (M.D. Fla. 2010) (citing *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 12-10-11) (Fla. 2010)). This scenario presents unique challenges when analyzing jurisdiction. In the analogous context of trademark infringement, the Eleventh Circuit has held that personal jurisdiction was authorized under Florida's long-arm statute where a musician sued his former manager for infringement and related claims arising out of the manager's allegedly unauthorized use of the musician's name and photograph on a website. *Licciardello v. Lovelady*, 544 F.3d 1280 (11th

7

Cir. 2008). The Court noted that personal jurisdiction was proper not only because the plaintiff was injured in Florida, but also because the infringing activity occurred in Florida by virtue of the website's accessibility to residents in Florida. *Licciardello* 544 F.3d at 1283. *See also Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1321-22 (M.D. Fla. 2010) (collecting cases). Here, Kinon submits that Hyatt's U.S. website was actually accessed by Kinon's representative in Florida, and that the website displayed Kinon's copyrighted images. Therefore Kinon has satisfied the requirements of Florida's long-arm statute.

### 2. Due Process

Moreover, exercising personal jurisdiction over Hyatt would not offend traditional notions of fair play and substantial justice. To satisfy constitutional due process requirements, a nonresident defendant must "purposefully direct" his activities at residents of the forum state such that he would have "fair warning" that he may be subject to suit in the forum state. *See Shaffer v. Heitner*, 433 U.S. 186, 218 (1977); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). The litigation also must result from alleged injuries that "arise out of or relate to" the defendant's activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Kinon alleges that Hyatt is a foreign corporation registered to conduct business in Florida. (DE 1 at ¶16). Kinon further alleges that Hyatt "is in the business of managing, franchising, owning, developing, advertising, and marketing hotels, resorts and vacation properties." (DE 1 at ¶17). Kinon argues that Hyatt "committed infringement when it displayed Kinon's copyrighted work on Hyatt's website here in Florida for purposes of advertising and marketing the sale of hotel rooms at the Hyatt Dalian to customers in the United States including

8

in Florida." (DE 10 at 12-13). Kinon further asserts that Hyatt maintains at least 50 hotels in Florida, including many in this district. (DE 10 at 13).

Hyatt counters that it lacks constitutionally sufficient minimum contacts with Florida regarding Grand Hyatt Dalian's alleged infringement activities which occurred in China, emphasizing that it entered into no contracts with Kinon, that it did not select, procure or install the infringing headboards at the hotel in China, and that it did not target any conduct or communications toward Kinon in Florida. (DE 5 at 14). Hyatt's arguments focus on all of the infringing activities *except* for the unauthorized display of Kinon's work on its U.S. website. With respect to the aspects of Kinon's claim that involve infringing acts in China, Hyatt's point may be well-taken. However Hyatt's alleged unauthorized internet display on its website, combined with Hyatt's substantial business activities in Florida and the fact that Kinon is based here and was injured here, render Hyatt's minimum contacts with Florida sufficient for due process purposes.

Moreover, exercising specific jurisdiction would not be constitutionally unreasonable. This forum has an interest in adjudicating the dispute based on Kinon's presence here, and I reject Hyatt's assertion that it would be unfair to require it to defend the suit here.

### C. Venue

Finally, Hyatt argues that this action must be dismissed for improper venue, relying on the venue statute specific to copyright claims, 28 U.S.C. § 1400, which permits suits to be brought where a defendant or his agent resides or may be found. (DE 5 at 16). Hyatt argues that it cannot be sued in this district because its agents cannot "be found" here for purposes of service of process; rather it can only "be found" in Tallahassee where its registered agent was subject to service. However under the general venue statute, 28 U.S.C. §1391, a corporate defendant

9

resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Having determined that Hyatt is subject to personal jurisdiction based upon its business activities both in Florida and in this district, venue is appropriate. *See, e.g., Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("We conclude . . . that whether § 1391(a) or § 1400(a) properly governs venue in this case, [the defendant's] business activity in Louisiana was sufficiently extensive that requiring the corporation to defend this action there will not vitiate the venue protection granted the defendant by either section.").

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Hyatt Corporation's Motion to Dismiss (DE 5) is **DENIED**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 28 day of January, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE