**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

KINON SURFACE DESIGN, INC.,

    Plaintiff,

v.                                       Case No. 9:18-CV-81065

HYATT CORPORATION,

    Defendant.
_____/

**HYATT CORPORATION'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR THIRD EXTENSION OF TIME TO RESPOND TO HYATT**
**CORPORATION'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS**

Pursuant to Local Rule 7.1, Defendant, Hyatt Corporation, responds to Plaintiff, Kinon Surface Design, Inc.'s ("Plaintiff"), Motion for a Third Extension of Time to Respond to Hyatt Corporation's Motion for Attorney's Fees and Non-Taxable Costs, [DE 164], and respectfully states:

1.    Hyatt Corporation served its draft fees and non-taxable costs motion on Plaintiff on August 23, 2019. That draft motion included the invoices and billing records required under Local Rule 7.3. It has thus been over 2.5 months since Plaintiff first received Hyatt Corporation's draft motion and supporting materials. *See* [Comp. Ex. A – *Kinon I*, e-mail correspondence on fees meet and confer].

2.    During the pre-filing meet-and-confer period under Local Rule 7.3, defense counsel wrote to Plaintiff's counsel on September 3, 2019, and explained that "under Local Rule 7.3(b), you are required to provide us '**in writing** and **with reasonable particularity** each time entry or nontaxable expense to which [Kinon] object, both as to issues of entitlement and as to amount, and

**shall** provide supporting **legal authority**.'  Please provide us with that written list." [Comp. Ex. A – *Kinon I*, e-mail correspondence on fees meet and confer] (quoting L.R. 7.3(b)).[1]

3. Despite defense counsel specifically alerting Plaintiff's counsel to the requirement under Local Rule 7.3(b) to provide item-by-item objections to fees and costs items in writing and supported by specified legal authority, Plaintiff's counsel never did so.

4. Instead, during the meet-and-confer teleconference held on September 9, 2019, Plaintiff's counsel simply stated that Plaintiff objected to entitlement and amount regarding Hyatt Corporation's motion for fees and non-taxable costs. Plaintiff's counsel provided no specific objections on an item-by-item or time-entry-by-time-entry basis—in writing as required by Local Rule 7.3(b) or otherwise. In addition, Plaintiff's counsel failed to provide copies of any supporting legal authority as required by Local Rule 7.3(b). *See* [Comp. Ex. A – *Kinon I*, e-mail correspondence on fees meet and confer].

5. Defense counsel will no longer engage in telephonic meet-and-confer teleconferences with Plaintiff's counsel because of his propensity to misrepresent his positions and that which was discussed. *See Kinon II*, [DEs 68, 69, 72, & 73]. Therefore, defense counsel responded in writing on November 4, 2019 to Plaintiff's belated, same-day request for a third extension to respond to Hyatt Corporation's fees and non-taxable costs motion. In relevant part, Hyatt Corporation stated:

> You have had approaching three months since the August service of our draft fees and non-taxable costs motion, and you have already received two extensions of two weeks per extension.
>
> Good cause does not support—and we will not agree to—any further extensions of your deadline to oppose Hyatt Corporation's motion for attorney's fees and non-taxable costs.

[Ex. B – 11-04-2019 written meet and confer].

---

[1] All emphasis is supplied unless otherwise noted.

6.	By failing to provide written, specific item-by-item objections and supporting legal authority under Local Rule 7.3(b) Plaintiff <u>waived its right to object on an item-by-item or time-entry-by-time-entry basis</u> regarding Hyatt Corporation's fees and non-taxable costs motion. *See, e.g.*, *Club Madonna, Inc. v. City of Miami Beach*, No. 13-23762-CIV, 2015 U.S. Dist. LEXIS 126629, at *29-31 (S.D. Fla. Sep. 22, 2015) (holding "that Plaintiffs waived their objections to the City's fee request as to Count II by failing to comply with Local Rule 7.3(b)" and that such waiver is justified when "a party flippantly disregards the Local Rules—especially rules that are designed to conserve the Court's resources"); *Sriskada v. Harbor Pita, Inc.*, No. 14-20526-CIV, 2014 U.S. Dist. LEXIS 110680, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014) ("As one court in this district has noted, Local Rule 7.3's requirements are not optional, but mandatory.") (citing *Norych v. Admiral Ins. Co.*, No. 08-60330-CIV, 2010 U.S. Dist. LEXIS 69793, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010)); *Maale v. Kirchgessner*, No. 08-80131-CIV, 2011 U.S. Dist. LEXIS 43792, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011) (referencing Local Rule 7.3 and noting that "[s]trict compliance with the Local Rules is always preferred and non-compliance may warrant appropriate sanctions").

7.	Despite having waived its ability to object on an item-by-item or time-entry-by-time-entry basis regarding Hyatt Corporation's fees and non-taxable costs motion, Plaintiff has now sought three lengthy extensions based on the supposed need to review Hyatt Corporation's timesheets and invoices on an item-by-item basis. Given its conscious decision not to do this during Local Rule 7.3(b)'s month-long meet-and-confer period, there is no good cause to do so now.

8.	In sum, there is no "good cause" for any further extensions, and Plaintiff cannot object to fees and costs items on an item-by-item basis. Rather, the most it should be permitted to do is argue why Hyatt Corporation should not be entitled to fees and non-taxable costs in general.

9. Plaintiff has had months to formulate its opposition, if any. There is no need for any additional extensions.

## **CONCLUSION**

For these reasons, Hyatt Corporation respectfully requests that the Court deny Plaintiff's third request for an extension of time to respond to Hyatt Corporation's fees and non-taxable costs motion.

Respectfully submitted,

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith LLP** | **Lewis Brisbois Bisgaard & Smith LLP** |
| JONATHAN D. GOINS (*Pro Hac Vice*) | TODD R. EHRENREICH |
| GA. BAR NO. 738593 | DAVID L. LUCK |
| jonathan.goins@lewisbrisbois.com | JENNA L. FISCHMAN |
| 1180 Peachtree Street NE | 2 Alhambra Plaza, Suite 1110 |
| Suite 2900 | Coral Gables, Florida 33134 |
| Atlanta, GA 30309 | Telephone: 786.353.0210 |
| Telephone: 404.991.2160 | Facsimile: 786.513.2249 |
| Facsimile: 404.467.8845 | |
| | BY: */s/ David L. Luck* |
| | TODD R. EHRENREICH |
| | FBN 945900 |
| | todd.ehrenreich@lewisbrisbois.com |
| | DAVID L. LUCK |
| | FBN 041379 |
| | david.luck@lewisbrisbois.com |
| | JENNA L. FISCHMAN |
| | FBN 099400 |
| | jenna.fischman@lewisbrisbois.com |

*COUNSEL FOR DEFENDANT HYATT CORPORATION*

## CERTIFICATE OF SERVICE

WE CERTIFY that on this 7th day of November, 2019, the foregoing was filed with the Court's CM/ECF Service.  We also certify that the foregoing document is being served this day on Joel B. Rothman, Esq., Schneider Rothman Intellectual Property Law Group, PLLC, 4651 North Federal Highway, Boca Raton, FL 33431, via transmission of Notices of Electronic filing generated by CM/ECF.

          */s/ David L. Luck*
          TODD R. EHRENREICH
          FBN 945900
          JONATHAN D. GOINS
          GA. BAR NO. 738593
          DAVID L. LUCK
          FBN 041379
          JENNA L. FISCHMAN
          FBN 099400