**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.:  9:18-cv-81065-DMM-DLB**

KINON SURFACE DESIGN, INC.,

    Plaintiff,

v.

HYATT CORPORATION,

    Defendant.

---

## PLAINTIFF KINON SURFACE DESIGN, INC.'S OPPOSITION TO DEFENDANT HYATT CORPORATIONS VERIFIED MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS AND INCORPORATED MEMORANDUM OF LAW

Dated:  November 12, 2019

    JOEL B.  ROTHMAN
    Florida Bar Number 98220
    joel.rothman@sriplaw.com
    CRAIG A.  WIRTH
    Florida Bar Number:  125322
    craig.wirth@sriplaw.com

    **SRIPLAW**
    21301 Powerline Road
    Suite 100
    Boca Raton, FL  33433
    561.404.4350 – Telephone
    561.404.4353 – Facsimile

    *Counsel for Plaintiff Kinon Surface Design, Inc.*

## TABLE OF CONTENTS

I.     INTRODUCTION ...............................................................................................1

II.    RELEVANT FACTS .........................................................................................2

III.   ARGUMENT..................................................................................................10

   A.   Hyatt Corporation was not the Prevailing Party. ........................................10

       1.   Hyatt's degree of success was minimal. ............................................11

   B.   Kinon's Case was Meritorious, Not Frivolous, Not Objectively Unreasonable, and Not Motivated by Improper Purposes...................................................................13

       1.   Kinon's Case Was Objectively Reasonable at All Times ....................14

       2.   Kinon's Case was not Frivolous ........................................................14

       3.   Kinon Brought This Case with Proper Motivation.............................16

       4.   An Award of Costs and Fees Will Undermine the Animating Purposes of The Copyright Act, and There is no Need for Compensation or Deterrence................................18

   C.   Kinon did not Obtain a Judgment, Therefore Hyatt Cannot be Awarded Fees and Costs under Rule 68.........................................................................................18

   D.   The Results Obtained by Kinon were More Favorable than Hyatt's Rule 68 Offer therefore Hyatt's Offer of Judgement was Ineffective and cannot Support an Award of Fees and Costs to Hyatt. ......................................................................................19

   E.   The Discretion to Award Attorneys' Fees to the Prevailing Party Granted Courts by Congress under § 505, and the *Fogerty* Factors that Apply to that Discretion, Trump Rule 68(d)'s Cost Shifting Provision. .....................................................................22

   F.   Hyatt's Attorneys' Fees are not Reasonable .............................................23

       1.   Hyatt's Attorneys' Fee Request is Unsupported. ..............................25

       2.   Hyatt's Attorneys' Fee Request is Excessive, Redundant, and Unnecessary........25

       3.   Hyatt's Attorneys' Billing Lacks Particularity. ..................................26

       4.   Hyatt's Block Billed Entries are not Compensable. ..........................27

       5.   Hyatt's Attorneys' Work on Unrelated Matters is not Compensable....................27

       6.   Hyatt's Attorneys' Work on Clerical and Administrative Tasks is not Compensable. ..................................................................................27

       7.   Reasonable Hourly Rate ....................................................................28

8.     Hyatt's Costs are Limited to the Enumerated Costs in 28 U.S.C. § 1920. ............28

9.     Fees Associated with Jonathan Goins' Pro Hac Vice Application are not Recoverable ........................................................................................................................29

10.    Hyatt's Request for "Fees on Fees" Should be Denied .........................................30

IV.     CONCLUSION ............................................................................................................30

**SRIPLAW**
23101 Powerline Road, Suite 100, Boca Raton, Florida 33433

## TABLE OF AUTHORITIES

Cases

*Access for the Disabled, Inc. v. Leder*, No. 02-60311-CIV-MARRA/SELTZER, 2008 U.S. Dist. LEXIS 131244 (S.D. Fla. Sep.  26, 2008) ................................................................................25

*ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999) .................................................22, 23, 24

*Acosta v. Mega Media Holdings, Inc.*, No. 15-21837-Civ-COOKE/TORRES, 2017 U.S. Dist. LEXIS 30472, (S.D. Fla. Mar. 2, 2017) .........................................................................7, 8, 9

*Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996) .........................................................9

*Baker v. Baker*, No. LA CV 16-08931 VAP (JPRx), 2018 U.S. Dist. LEXIS 225907 (C.D.  Cal. Aug. 31, 2018) ..............................................................................................................29

*Barber v. T.D.  Williamson, Inc.*, 254 F.3d 1223 (10th Cir. 2001) ...................................9

*Bevier v. Blue Cross & Blue Shield*, 337 F. App'x 357 (4th Cir. 2009) .........................16

*Buslepp v. B&B Entm't, Ltd. Liab. Co.*, No. 12-60089-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 144433 (S.D. Fla. Oct. 5, 2012) .................................................................................17

*Cable/Home Commun. Corp.  v. Network Prods.*, 902 F.2d 829 (11th Cir. 1990) ........................9

*Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016 (9th Cir. 2003) .........................20

*Christiansburg Garment Co.  v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 98 S. Ct. 694 (1978) ..................................................................................................................18

*Copeland* v. *Marshall*, 205 U.S. App.  D.  C.  390, 641 F.2d 880, 891 (1980) ............................24

*Covington v. Ariz. Bev. Co.*, No. 08-21894-CIV-SEITZ/O'SULLIVAN, 2011 U.S. Dist. LEXIS 19912 (S.D. Fla. Jan. 25, 2011) ..............................................................................................28

*Daniel-Rivera v. Everglades Coll.*, No. 16-60044-CIV-DIMITROULEAS/SNOW, 2017 U.S. Dist. LEXIS 93936 (S.D. Fla. June 15, 2017) ..................................................................................28

*Dawes-Ordonez v. Realtor Ass'n of Greater Fort Lauderdale, Inc.*, No. 09-60335-CIV, 2010 U.S. Dist. LEXIS 150136 (S.D. Fla. Sep.  1, 2010) ..............................................................14

*Epikhin v Game Insight N.  Am.,* No. 14-CV-04383-LHK, 2016 U.S. Dist. LEXIS 44170 (N.D. Cal. Mar. 31, 2016) ..............................................................................................................12

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) .........................12

*Fernandez v. Elder Care Option, Inc.*, No. 03-21998-CIV-LENARD-KLEIN, 2006 U.S. Dist. LEXIS 103942 (S.D. Fla. June 8, 2006) ...................................................................................26

*Flexiteek Ams., Inc. v. Plasteak, Inc.*, No. 12-60215-CIV, 2016 U.S. Dist. LEXIS 189201 (S.D. Fla. Feb. 5, 2016) ...............................................................................................................22

*Fodere v. Lorenzo*, No. 09-23120-CIV-KING/MCALILEY, 2012 U.S. Dist. LEXIS 200006 (S.D. Fla. May 16, 2012).....................................................................................................................19

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) .................................................................. passim

*Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-00496 SOM/BMK, 2015 U.S. Dist. LEXIS 127213 (D. Haw. Sep. 23, 2015) ..........................................................................................13

*Goldberg v. Pac. Indem. Co.*, 627 F.3d 752 (9th Cir. 2010) ...........................................................20

*Hall v. Cole*, 412 U.S. 1 (1973) ...............................................................................................13

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 1940 (1983).......................................22, 24

*Hescott v. City of Saginaw*, 757 F.3d 518 (6th Cir. 2014).............................................................20

*Johnson v. Communs. Supply Corp.*, No. 05-60510-CIV-ALTONAGA, 2006 U.S. Dist. LEXIS 90344 (S.D. Fla. Dec. 14, 2006) ...........................................................................................26

*Jordan v. Time Inc.*, 111 F.3d 102 (11th Cir. 1997) ...............................................................20, 21

*Jordan Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238 (11th Cir. 2002)........................................................................................................................21

*Key W. Tourist Dev. Ass'n v. Zazzle, Inc.*, No. 10-10100-CIV, 2013 U.S. Dist. LEXIS 201451 (S.D. Fla. Jan. 9, 2013)...........................................................................................................25

*Killer Joe Nevada., LLC v. Doe*, 807 F.3d 908 (8th Cir. 2015)....................................................12

*Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016) .......................................1, 6, 7, 15

*Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, No. 8:08-cv-1227-T-30EAJ, 2011 U.S. Dist. LEXIS 141246 (M.D. Fla. Dec. 7, 2011)..................................................................................10

*Korman v. Iglesias*, No. 18- 21028-CIV-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 207072 (S.D. Fla. Dec. 6, 2018) ......................................................................................................13

*Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994)....................................................................23

*Malibu Media, LLC v. Pelizzo*, 604 F. App'x 879 (11th Cir. 2015) ...........................................15

*Maner v. Linkan LLC*, 602 F. App'x 489 (11th Cir. 2015).........................................................24

v

*Marek v. Chesny*, 473 U.S. 1 (1985)..............................................................16, 20, 21

*Neitzke v. Williams,* 490 U.S. 319 (1989)...................................................................12

*Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988)....................................22

*Nutrivita Labs., Inc. v. VBS Distribution*, 160 F. Supp. 3d 1184 (C.D. Cal. 2016).....................13

*Ovalle v. Perez*, No. 16-CV-62134, 2017 U.S. Dist. LEXIS 186494 (S.D. Fla. Nov. 9, 2017)....25

*Perez v. Saks Fifth Ave., Inc.*, No. 07-21794-CIV-MOORE/SIMONTON, 2011 U.S. Dist. LEXIS 161504 (S.D. Fla. Feb. 14, 2011) ........................................................................27

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,* No. C 04-00371 JW, 2005 U.S. Dist. LEXIS 48013 (N.D. Cal. Aug. 12, 2005) ......................................................................12

*Porcelanas, S.A. v. Caribbean Resort Suppliers, Inc.*, No. 06-22139-CV-COOKE/TUR, 2008 U.S. Dist. LEXIS 125665 (S.D. Fla. Nov. 26, 2008)........................................................26

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357 (5th Cir. 2004)................12

*Price v. United Techs. Corp.*, Case No. 99-8152-Civ-Ferguson/Snow, 2000 U.S. Dist. LEXIS 21504 (S.D. Fla. Nov. 16, 2000).................................................................26

*Prof'l LED Lighting, Ltd. v. Aadyn Tech. Ltd. Liab. Co.*, No. 14-cv-61376, 2015 U.S. Dist. LEXIS 189341 (S.D. Fla. July 22, 2015)................................................................29

*Prunty v. Vivendi*, 195 F. Supp. 3d 107 (D.D.C. 2016)....................................................29

*Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019) ...............................26, 27, 29

*Schwartz v. United States DEA*, No. 13-CV-5004 (CBA) (ST), 2019 U.S. Dist. LEXIS 34165 (E.D.N.Y. Mar. 1, 2019)..................................................................29

*Screen v. Clean Image of Miami, Inc.*, No. 10-21929-CIV, 2012 U.S. Dist. LEXIS 101609 (S.D. Fla. July 23, 2012) ........................................................................23

*Shame on You Prods. v. Banks*, No. CV 14-03512-MMM (JCx), 2016 U.S. Dist. LEXIS 195690 (C.D. Cal. Aug. 14, 2016)..................................................................29

*Smith v. Casey*, No. 12-123795-CIV, 2013 U.S. Dist. LEXIS 195533 (S.D. Fla. July 26, 2013)...8

*Stone v. GEICO Gen. Ins. Co.*, No. 8:05-cv-636-T-30TBM, 2006 U.S. Dist. LEXIS 83662 (M.D. Fla. Nov. 16, 2006) ..................................................................18

*Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998) ........................................18

*UMG Recordings, Inc. v. Shelter Capital Partners Ltd. Liab. Co.*, 718 F.3d 1006 (9th Cir. 2013)20

*Viva Video, Inc., v. Cabrera,* 9 F. App'x 77, 80 (2d Cir. 2001) ...................................................10

*Warner Bros. v. Dae Rim Trading, Inc*, 877 F.2d 1120 (2d Cir. 1989)..........................................9

*Whitcher v. Town of Matthews,* 136 F.R.D. 582 (W.D.N.C. 1991)...............................................17

*White v. Creative Hairdressers, Inc.*, No. 11-60723-CIV-MARTINEZ/MCALILEY, 2013 U.S. Dist. LEXIS 197193 (S.D. Fla. July 15, 2013) ................................................................................26

*Woltmann v. Chi. Gridiron, LLC*, No. 11 C 5994, 2012 U.S. Dist. LEXIS 53468 (N.D. Ill. Apr. 11, 2012) ...........................................................................................................................................20

## Statutes

17 U.S.C. § 505................................................................................................................ passim

28 U.S.C. § 1821.......................................................................................................................26

28 U.S.C. § 1920................................................................................................................ passim

The Copyright Act ......................................................................................................14, 15, 18, 27

## Rules

Fed. R. Civ. P. 68...................................................................................................... passim

Fed. R. Civ. P. 68(d)...................................................................................................................19

**SRIPLAW**
23101 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

Plaintiff Kinon Surface Design, Inc. by and through its undersigned counsel, and for its opposition to Defendant Hyatt Corporation's Verified Motion for Attorney's Fees and Non-Taxable Costs (DE 158), states as follows

## I.    INTRODUCTION

Hyatt's motion should be denied. Section 505 states that a district court "may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505.  Hyatt was not the prevailing party in this case. Hyatt did not prevail on the issues of validity and infringement, issues that Hyatt strenuously opposed.  Hyatt argued that Kinon did not create Pattern 228; the jury disagreed and found for Kinon. Hyatt argued that Kinon did not register Pattern 228; the jury disagreed and found for Kinon.  Hyatt argued that Kinon's Pattern 228 was not entitled to copyright protection; the jury disagreed and found that Kinon's Pattern 228 was protectible.  Hyatt argued that Pattern 228 was a useful object; the jury disagreed and found that Kinon's Pattern 228 was separable and copyright eligible.  Hyatt argued that the photographs on the <hyatt.com> website did not show Kinon Pattern 228; the jury found that the photographs showed a work that was strikingly similar to Kinon's work.  Hyatt argued that the work shown in the photographs was not copied from Kinon; the jury found that Kinon's Pattern 228 was copied.  Hyatt argued that Kinon suffered no loss; the jury determined that Kinon did suffer a loss.

Even assuming that Hyatt is the prevailing party by virtue of the judgment in favor of Hyatt – a judgment entered based on the jury's finding that an entity other than Hyatt Corporation was the cause of Kinon's loss – awarding fees to Hyatt here would contravene *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016) ("*Kirtsaeng II*"), and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).  The Court must give "substantial weight" to the reasonableness of the non-prevailing party's litigating position. *Kirtsaeng II*. Kinon was not motivated by bad faith nor did it present frivolous arguments unsupported by facts. Kinon's litigating position was always

reasonable, as shown by the jury's verdict in its favor on all the issues Hyatt contested, except for causation of the damages suffered by Kinon. Causation is not the type of particular circumstance that defines the boundaries of copyright law for which compensation and deterrence are needed. *Fogerty*, 510 U.S. at 533-4. And on that point Hyatt simply postponed the inevitable because since the verdict was rendered Kinon has filed a new lawsuit against the other Hyatt entities, including Hyatt International, that Hyatt blamed for the infringement at trial.

Awarding fees to Hyatt would contravene the purposes behind the Copyright Act. Kinon owned a valid copyright and saw its copyrighted design copied in photographs distributed worldwide. Kinon prevailed on a motion to dismiss and summary judgment then, at trial, the validity of its copyright was upheld, the fact that it suffered damage was recognized, and lost only because Hyatt played the empty chair defense by pointing at its affiliated companies as responsible. Awarding fees to Hyatt in this meritorious case of infringement where all of Hyatt's defenses were overcome but one would contravene the purpose behind § 505 and send the message to other copyright holders with valid claims that they can prevail at trial on every issue save causation but still be forced to pay a huge multinational corporation its attorneys' fees. Awarding fees to Hyatt would encourage huge multinationals to infringe the rights of creators with impunity.

For these reasons, and the others set forth below including that none of the fees sought by Hyatt are reasonable, the motion should be denied.

## II.   RELEVANT FACTS

1.     In 2010, Kinon was contacted by representatives of the worldwide interior design firm LTW Designworks Pte Ltd. based in Singapore ("LTW") concerning the construction of a new Grand Hyatt hotel in Dalian, China to be called the "Grand Hyatt Dalian.". (DE 154-1 at 101). LTW representatives specified Kinon material for use as headboards behind the beds in all the Grand Hyatt Dalian guest rooms. (DE 154-1 at 105, 221).

2.      Kinon was initially hesitant to pursue this lead due to its concern about China's notorious failure to protect U.S. intellectual property. (DE 1 at 4). Intellectual property protection is of serious concern to Kinon as an innovative maker of decorative materials that are protected by patent, trademark, and copyright. (DE 1 at 4).

3.      After considering the opportunity further, and because the project was for Hyatt, a respected U.S. company, Kinon decided to proceed with the request by LTW. Kinon worked with LTW to develop the design for what would become Kinon Pattern 228, the work at issue in this action. (DE 154-1 at 181, 189-90).

4.      After considering samples of Kinon Pattern 228, LTW procured the purchase of 2 sheets of Kinon Pattern Number 228 sized 4' x 10' for use in the mock-up rooms constructed for evaluation of interior designs specified for the Grand Hyatt Dalian. (DE 154-1 at 107; Ex. 6b). China Resources, the builder of the Grand Hyatt Dalian, purchased and installed 2 sheets of Kinon Pattern Number 228 in the mock-up rooms for the Grand Hyatt Dalian set up in trailers on the construction site. (DE 154-1 at 188; Ex. 6a and 6b).

5.      On July 21, 2011, Richard Satz and Michael Weiner, Kinon's VP of Sales, traveled to China at Kinon's expense and met with Zheng Wei (a/k/a "John Wayne Wang") who was in charge of construction of the Grand Hyatt Dalian. (DE 154-1 at 111). Satz and Weiner toured the mock-up rooms for the Grand Hyatt Dalian decorated with Kinon material.  (DE 154-1 at 111). Satz and Weiner discussed Kinon's pricing for the project with Mr. Wei, and his need for over 750 panels of Kinon material. (DE 154-1 at 113; Ex. 19).

6.      Construction of the Grand Hyatt Dalian was delayed two years. (DE 154-1 at 112). On September 23, 2013, Kinon provided an estimate for the purchase of Kinon Pattern 228 panels in the amount of $1,749,180 USD not including shipping, taxes, duties and storage.  (Ex.

19). Mr. Wei responded by negotiating a cheaper price. (DE 154-1 at 117). On October 21, 2013 Kinon provided a second estimate that lowered the price for the same Kinon materials to $1,592,900 USD, a savings of over $150,000. (Ex. 20). Despite lowering its price significantly, Kinon received no response to its estimate. (DE 154-001 at 191). Thereafter, Satz and Weiner learned from LTW that China Resources had decided to choose less expensive materials for the headboards in the guest rooms at the Grand Hyatt Dalian.

7.      In late 2016, curious about what other material Hyatt had chosen for the head-boards at the Grand Hyatt Dalian, Rich Satz visited the website for the hotel accessible in English on the Hyatt's U.S. website at https://dalian.grand.hyatt.com/en/hotel/.  (DE 154-1 at 192). While visiting the site, Satz noticed that the photographs advertising the rooms at the Grand Hyatt Dalian showed the use of Kinon material pattern number 228 as the headboard in the rooms. (DE 154-1 at 192).

8.      Satz was unsure whether the material shown in the photographs above the beds was the same as the actual rooms at the Grand Hyatt Dalian; based upon the photographs he was not sure whether copies of Pattern 228 were in any rooms at the Grand Hyatt Dalian. (DE 154-1 at 195). Satz occasionally visited online review websites like www.tripadvisor.com to see if visitors were posting photographs of the real rooms at the Grand Hyatt Dalian.  (DE 154-1 at 207).

9.      In early 2018, Satz noticed for the first time on the websites for online travel agencies ("OTAs") such as TripAdvisor, Orbitz, Expedia, Hotels.com and others, genuine photographs of the rooms were being posted by visitors, and confirmed, through user submitted photographs on sites such as <tripadvisor.com>, that the wall coverings used were identical to the samples sold in 2011. (DE 154-1 at 207-8).

10.      On August 10, 2018, Kinon filed *Kinon Surface Design, Inc. v. Hyatt*

*Corporation*, Southern District of Florida, Case Number 9:18-cv-81065-DMM ("*Kinon I*"). Kinon sued the owner of the <hyatt.com> domain name, Hyatt Corporation, believing that the same entity operated the website for the Grand Hyatt Dalian and collected the funds from hotel room bookings. (DE 1).

11.    On September 9, 2018, in support of Hyatt's Motion to Dismiss, Hyatt filed a declaration of Roy Lehto, assistant secretary of Hyatt Corporation. (DE 5-1). Mr. Lehto's declaration only referred to China Resources (Dalian) Co. Ltd. ("China Resources") as the owner of the Grand Hyatt Dalian, and Hyatt International Hotel Management (Beijing) Co., Ltd. ("HIHM"), as the manager of the Grand Hyatt Dalian. Mr. Lehto's declaration failed to mention the involvement of certain affiliates of Hyatt Corporation in managing and constructing the Grand Hyatt Dalian, specifically Hyatt International Corporation ("HIC") and Hyatt International Technical Services, Inc. ("HITS"). Nowhere did Mr. Lehto mention either HIC or HITS as being contracting parties with China Resources responsible for overseeing the decoration of the hotel or the promotion of the hotel on the internet.

12.    Discovery began in this case on January 4, 2019. (DE 30). However, the contracts between China Resources and HIC and China Resources and HITS were not produced by Hyatt Corporation in this case until April 10, 2019. (DE 52-4). In fact, a motion to compel filed at DE 41 was necessary to obtain these documents from Hyatt Corporation.  These documents were finally produced by Hyatt after Kinon's motion to compel and were referred to by Hyatt's counsel in a letter filed at DE 52-4. In the letter, counsel for Hyatt stated that the contract with HITS, and the contracts with the other Hyatt entities that mentioned HIC, all of which were dated October 9, 2007, were only "uncovered… in the course of Hyatt Corporation's due diligence and internal investigation." (DE 52-4).

**SRIPLAW**
23101 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

13.     Mr. Lehto had to know about the involvement of HIC and HITS back in September of 2018 when he swore out his affidavit in support of the motion to dismiss because he stated that he was "familiar not only with Hyatt Corporation's business structure, but also with the history of the company and our relationships with any direct and indirect subsidiaries, affiliates, and partners." (DE 5-1 at 1).

14.     The deadline to join additional parties and amend pleadings in this case was January 14, 2019. (DE 25 at 5). By withholding information and documents regarding HITS and HIC and their involvement with the Grand Hyatt Dalian for three months past the joinder deadline, Hyatt Corporation was able to shield the HITS and HIC entities from being sued as defendants in this case.

15.     Despite the fact that crucial information regarding HIC and HITS was withheld by Hyatt and its lawyers until well after the deadline to amend pleadings, Kinon still had valid claims against Hyatt Corporation based upon its direct and contributory infringement committed by showing the photographs of the rooms at the Grand Hyatt Dalian that copied Kinon's pattern at <hyatt.com>.

16.     At the Fed. R. Civ. P. Rule 30(b)(6) deposition of Hyatt Corporation the witnesses confirmed that Hyatt Corporation owned the <hyatt.com> domain.  No witness could dispute that Hyatt Corporation operated the <hyatt.com> website.  No witness could explain where the money earned on the <hyatt.com> website went when customers booked hotel rooms on the site. Hyatt Corporation withheld information regarding the two domestic Hyatt branded entities upon which their defense relied, disclosing only the foreign entities during the course of discovery.

17.     On July 3, 2019 Hyatt Corporation served an Offer of Judgement to Kinon, in which Hyatt Corporation offered to settle without any admission of liability. (DE 158 at 3 and

DE 158-1 at 9-13).

18. The Offer of Judgment was conditioned upon Kinon executing a "General Release" attached as Exhibit A to the Offer. The General Release provided:

> Kinon, on behalf of itself, and its successors and assigns, does hereby remise, release, acquit, satisfy, and forever **discharge Hyatt Corporation and its respective past and present affiliates, subsidiaries, parent companies, officers, directors, shareholders, employees, representatives, agents, attorneys, heirs, successors, and assigns**, from any and all claims, rights, demands, damages, relief, debts, liabilities, expenses, attorneys' fees, costs, suits, obligations of any nature, and causes of action, whether at law, equity or otherwise, whether based upon statute, contract, tort, common law or otherwise, whether known or unknown, existing or potential, actual or alleged, suspected or unsuspected, foreseen or unforeseen, accrued or hereafter accruing, which Kinon now has or could have had against Hyatt Corporation, **relating to or arising out of any facts, directly or indirectly, concerning the Action.**

(DE 158-1 at 13) (emphasis added).

19. On Monday, July 22, 2019, the trial in this case began. Attorney Joel Rothman conducted voir dire for Kinon. Attorney Todd Ehrenreich conducted voir dire for Hyatt Corporation. (DE 154-1).

20. Incredibly, counsel for Hyatt used the argument that Hyatt's international entities, including HITS and HIC, were the real responsible parties in opening and closing by pointing at the "empty chair" and arguing that Kinon should have sued the Hyatt international entities that Hyatt withheld and failed to disclose timely in discovery. "This is a franchise hotel and it is Hyatt International, and not Hyatt Corporation [that profited]," counsel argued in opening. (DE 154-1 at 95). In closing, counsel argued "they made a decision to not sue the owners, the builders, Hyatt International, anyone associated with the construction and design of the hotel and the decisions made with the hotel; they decided to sue Hyatt Corporation." (DE 154-3 at 26).

21. On the first day of trial, Joel Rothman gave Kinon's opening statement to the jury. In response, attorney Todd Ehrenreich gave Hyatt Corporation's opening statement to the jury.

(DE 154-1 at 79-96). After openings, Kinon called Michael Weiner.  Hyatt Corporation had not deposed Mr. Weiner. Mr. Ehrenreich cross-examined Mr. Weiner briefly. (DE 154-1 at 96-126).

22.     Next Kinon called Mr. Satz. Mr. Ehrenreich cross examined Mr. Satz.  Mr. Ehren-reich did not successfully impeach Mr. Satz based upon any portion of his deposition testimony. Furthermore, Mr. Satz testified consistent with the jury's verdict that Kinon owns a valid copy-right in Pattern 228, that Pattern 228 is entitled to copyright protection, and that the panels shown on <hyatt.com> were strikingly similar to Kinon's Pattern 228. (DE 154-1 at 127-241).

23.     Next Kinon called Hyatt Corporation's assistant general counsel Stephanie Jean-Jacques.  Ms. Jean-Jacques began testifying on July 22nd and continued her testimony into the morning of July 23rd.  Ms. Jean-Jacques (and other Hyatt Corporation witnesses) had testified to a lack of knowledge regarding where the money spent by hotel guests who purchased rooms at the <hyatt.com> website went.  At trial Ms. Jean-Jacques testified that she had learned since her deposition that money spent by international hotel guests at <hyatt.com> was credited to an ac-count set up for the applicable hotel.  Mr. Ehrenreich elicited testimony from Ms. Jean-Jacques to the effect that Hyatt International Corporation, not Hyatt Corporation, was the responsible party. (DE 154-1 at 242-251 and DE 154-2 at 4-63).

24.     On Tuesday morning, after Ms. Jean-Jacques testimony, Kinon played video dep-osition excerpts of the depositions of Heather Ferguson, Daniel McRae, Elizabeth Sofarelli, Christina Urbanski, and Jason Tribbet.  Very limited counter designations were played for Hyatt Corporation. Following these witnesses by video, Kinon rested.  (DE 154-2 at 67-77).

25.     Hyatt then called Elizabeth Soferelli live.  Mr. Ehrenreich presented Ms. So-farelli's direct testimony. Mr. Rothman cross-examined the witness for Kinon. Hyatt Corporation then rested. (DE 154-2 at 90-127).

26.     In the afternoon of July 23, 2019, attorney David Luck argued issues related to Hyatt Corporation's motion for judgment as a matter of law, the jury instructions, and the verdict form. (DE 154-2 at 132-184).

27.     On July 24, 2019, Joel Rothman presented closing argument for Kinon, and attorney Todd Ehrenreich presented closing arguments for Hyatt Corporation. (DE 154-3 at 8-42).

28.     Attorney Jonathan Goins, admitted pro hac vice, was present during the trial but presented no witnesses or argument. (DE 154-1-3).

29.     On July 24, 2019, the jury returned a verdict. (DE 135). In its verdict, the jury determined that Kinon proved that a) Kinon created Kinon Pattern 228; b) that Kinon Pattern 228 is original and possesses at least a minimal degree of creativity; c) that Kinon Pattern 228 was registered by Kinon with the Register of Copyrights on January 5, 2015; d) that Kinon was not seeking copyright protection in work that was not original to Kinon; e) that Kinon was not seeking copyright protection in work that was in the public domain; f) that Kinon was not seeking copyright protection in an idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work; g) that the wall-coverings at issue did not have an intrinsic, functional use beyond displaying the appearance of the item or conveying useful information; h) that Hyatt Corporation copied a portion of Kinon's work in the photographs of the Grand Hyatt Dalian guest rooms; i) that the portion of Kinon's work copied by Hyatt Corporation in the photographs of the Grand Hyatt Dalian guest rooms was strikingly similar to Kinon's Pattern 228; and  j) that Kinon suffered a loss. The jury also determined that Kinon's loss was not caused by Hyatt Corporation. (DE 135). The only issue on which Hyatt prevailed with the jury was the issue of Hyatt Corporation's lack of causation of Kinon's loss. (DE 135).

30.     The jury's determination that Kinon's loss was not caused by Hyatt was based

upon Hyatt Corporation's arguments, through Mr. Ehrenreich, to the jury that other Hyatt enti-

ties, including Hyatt International Corporation and Hyatt International Technical Services, Inc.,

were the responsible parties, not Hyatt. (DE 135).

31.     On July 25, 2019, a Final Judgment was entered in favor of Hyatt Corporation and

against Kinon pursuant to the jury's verdict. (DE 137).

## III.     ARGUMENT

### A.     Hyatt Corporation was not the Prevailing Party.

17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Hyatt Corporation was not "the prevailing party" in this case.[1] In copyright infringement

cases, generally, the prevailing party is the one who succeeds on a significant issue in the litiga-

tion that achieves some of the benefits the party sought in bringing the suit, even if the damages

recovered are nominal or nothing. *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dept.*, 447 F.3d

769, 787 (9th Cir. 2006). Hyatt achieved nothing but delay; Kinon received all the benefits. Hy-

att claimed Kinon did not create Pattern 228, but the jury disagreed and found for Kinon. Hyatt

asserted that Kinon's Pattern 228 was not original or creative, the jury disagreed and found for

Kinon. Hyatt argued Pattern 228 was not registered, but the jury found that it was registered on

January 5, 2015. Hyatt sought to invalidate Kinon's copyright, on the grounds it was functional,

---

[1] The use of the singular article "the" before "prevailing party" in § 505 indicates that only one party can prevail to be awarded fees. Here arguably both sides prevailed. Kinon prevailed on numerous contested issues. Therefore, Hyatt cannot claim prevailing party status for a fee award.

not eligible for protection, or in the public domain, Kinon prevailed. Hyatt argued that Kinon's copyright was being used to protect a useful article, but Kinon prevailed. Hyatt claimed there was no copying, but the jury found copying. Hyatt asserted the copies were not substantially similar. The jury found striking similarity.  Hyatt claimed Kinon was not damaged, the jury found Kinon suffered a loss. Hyatt pointed to the empty chair, blaming its affiliates for that loss. The jury agreed leading to a second suit that is now pending.

**1. Hyatt's degree of success was minimal.**

Hyatt was not "the prevailing party." Kinon prevailed as much if not more than Hyatt on the issues litigated in this case and presented to the jury. In fact, the jury's verdict that Kinon's copyright is valid and was infringed was sufficient to make Kinon a prevailing party. *See Cable/Home Commun. Corp. v. Network Prods.*, 902 F.2d 829, 853 (11th Cir. 1990).  ("Given plaintiffs-appellees' success in protecting the subject copyrights and their programming, the principal objectives of this lawsuit, we have no difficulty in concluding that they are the prevailing parties in this action").

Courts look to the "degree of success" to determine if a party prevailed.  *See Acosta v. Mega Media Holdings, Inc.*, No. 15-21837-Civ-COOKE/TORRES, 2017 U.S. Dist. LEXIS 30472, (S.D. Fla. Mar. 2, 2017). Hyatt's degree of success was minimal. Kinon prevailed on all the issues except Hyatt Corporation's claim it did not cause Kinon's loss, a claim it advanced by pointing to its affiliated entities as responsible and creating potential liability for them in the process.  Thus, if Hyatt Corporation prevailed, it only "technically" prevailed. *Id.* at 22. (While Defendants are technically the prevailing party, they only achieved partial success because Plaintiff demonstrated… that Defendants infringed on Plaintiff's copyright…").

Hyatt Corporation's degree of success here is far less than the plaintiff's in *Acosta*. In *Acosta* the jury found that the plaintiff had suffered no injury and was therefore denied any

relief. In our case the jury found that Kinon had been injured, but the party responsible for causing Kinon's loss was a related entity, not the one named in this suit. Hyatt played an empty chair defense pointing the finger of causation at its affiliates. Since § 505 only permits an award of attorneys' fees to the prevailing party, and since both sides prevailed on issues presented, Hyatt is not entitled to a fee award.

Hyatt's arguments claiming to be the prevailing party (DE 158 at 5) are conclusory. Hyatt mischaracterizes what it means to be a prevailing party.  "Generally, the prevailing party is one who **succeeds on a significant issue** in litigation." *Smith v. Casey*, No. 12-123795-CIV, 2013 U.S. Dist. LEXIS 195533 at *6 (S.D. Fla. July 26, 2013) (DE 158 at 5).  Based on this standard, Kinon is also a prevailing party. Hyatt challenged the validity of the copyright registration.  Kinon prevailed on that issue.  Hyatt claimed lack of striking similarity.  Kinon prevailed on that issue. The jury failed to find by a preponderance of the evidence that the accused photos on <Hyatt.com> were independently created and were not copied from Kinon's work. Kinon succeeded in all but one of the issues in this litigation satisfying Hyatt's definition of prevailing party.

Hyatt's motion notes only four of the jury's findings – the four the jury found in Hyatt's favor – and not the other seven out of eleven questions and their respective subparts that the Jury decided in Kinon's favor. Hyatt's claim that the Jury found "no damages" is baseless; the jury found Kinon suffered damages but that Hyatt was not the cause. (DE 135).   The jury found Kinon's copyright was valid, its work copyright eligible, the wallcovering strikingly similar, and that the striking similarity was the result of copying.  The jury also declined to accept any of Hyatt's copyright defenses. The jury's determination was, at best, a mixed outcome for Hyatt.   (DE 135).

This is a case of mixed outcome.  "Circuit courts have largely agreed that '(i)n the event of a mixed judgment . . . it is within the discretion of a district court to require each party to bear its own costs.'" *Acosta* at *17 quoting *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). "In other words, 'in cases in which "neither side entirely prevailed, or when both sides prevailed…" some courts have denied costs to both sides.'" *Acosta* at *18 quoting *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234-35 (10th Cir. 2001). Where both sides prevailed on different issues, attorneys' fees are denied. *See Warner Bros. v. Dae Rim Trading, Inc*, 877 F.2d 1120, 1126 (2d Cir. 1989).

**B.    Kinon's Case was Meritorious, Not Frivolous, Not Objectively Unreasonable, and Not Motivated by Improper Purposes.**

Under the Copyright Act, 17 U.S.C. § 505, fees "are to be awarded to prevailing parties only as a matter of the court's discretion," may not be awarded as "a matter of course," and any award of fees requires particularized, case-by-case assessment that considers several non-exclusive factors including "frivolousness, motivation, objective unreasonableness(,) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty,* 510 U.S. at 533-4. District courts should place "substantial weight on objective reasonableness" as a factor.  *Kirtsaeng II.*, 136 S. Ct. at 1988-89.

Even if Hyatt is considered the prevailing party, a discretionary award of attorney's fees is not supported by *Kirtsaeng II* and *Fogerty.* Each factor articulated by the Supreme Court in those cases separately and independently support a denial of Hyatt Corporation's motion. The objective reasonableness of Kinon's litigating position, the first factor, is given substantial weight, *Kirtsaeng II,* 136 S. Ct. at 1989, and here the jury found Kinon's case was valid in every respect except for causation of Kinon's damages by the Hyatt entity named.

### 1. Kinon's Case Was Objectively Reasonable at All Times

Kinon's claims were objectively reasonable. "Objective unreasonableness' is generally used to describe claims that have no legal or factual support." *Viva Video, Inc., v. Cabrera,* 9 F. App'x 77, 80 (2d Cir. 2001). "In determining the objective reasonableness of the party's position at the time it advanced the argument, the Court should consider whether its position was patently without merit or otherwise clearly lacking a legal or factual basis." *Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, No. 8:08-cv-1227-T-30EAJ, 2011 U.S. Dist. LEXIS 141246, at *6-7 (M.D. Fla. Dec. 7, 2011). The legal and factual basis for Kinon's claims were always meritorious and supported by fact. Kinon prevailed on every element necessary to prosecute a claim of copyright infringement. Hyatt Corporation relied on an empty chair defense and pointed its finger at its affiliates, saddling them with the one issue the jury found in its favor, causation.

Hyatt points to its Motion to Dismiss (DE 5) and Motion for Summary Judgment (DE 63) as evidence of Kinon's objective unreasonableness. (DE 158 at 10). This argument defies credulity. Hyatt Corporation lost both motions. (DE 33; DE 116). The Court's partial denial of Hyatt's motion for judgment as a matter of law (DE 154-2 at 148; DE 138), as well as the jury's verdict (DE 135), all show that the case had merit, and was not lacking in legal or factual basis. Simply because Kinon did not achieve a jury verdict on the single issue of causation does not equate to objective unreasonableness. Hyatt cites no facts or law stating otherwise. Kinon's claims were objectively reasonable under this factor. Kinon's copyright infringement action against Hyatt was, at all times, objectively reasonable both factually and legally.

### 2. Kinon's Case was not Frivolous

There is no basis for an assertion that Kinon's claims were frivolous either. The standard for frivolousness is higher than the standard for objective unreasonableness. *Epikhin v Game Insight N. Am.,* No. 14-CV-04383-LHK, 2016 U.S. Dist. LEXIS 44170 (N.D. Cal. Mar. 31, 2016).

"The United States Supreme Court has established that a frivolous claim is one in which the factual contention is 'clearly baseless,' such as factual claims that are 'fantastic or delusional scenarios.'" *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,* No. C 04-00371 JW, 2005 U.S. Dist. LEXIS 48013 (N.D. Cal. Aug.  12, 2005), *12 quoting *Neitzke v. Williams,* 490 U.S. 319, 325-328 (1989).

Kinon's complaint set forth a prima facie case of copyright infringement by alleging (1) ownership of a valid copyright, and (2) actionable copying by the defendant.  *Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991).  Kinon's case was not "without merit" or "patently frivolous." See *Positive Black Talk, Inc. v. Cash Money Records, Inc*., 394 F.3d 357, 382 n.23 (5th Cir. 2004).

The jury found that Kinon's work was copyrightable and that Kinon's copyright registration was valid. Hyatt Corporation owned the <hyatt.com> website on which the infringing images were found. The jury found that Kinon presented a prima facie case of copyright infringement.  Judgment was entered in favor of Hyatt because the jury accepted Hyatt's defense that it did not cause Kinon's damages, despite the strikingly similar image of Hyatt's design the jury identified on Hyatt's website.

Courts have found that associations far more extenuating than the one in our case have overcome the frivolousness threshold.  See *Killer Joe Nevada., LLC v. Doe,* 807 F.3d 908, 912 (8th Cir. 2015) (denying defendants motion for costs and attorney's fees when plaintiff sued the subscriber for the IP address without any further investigation, holding that such subscriber information was sufficient for the suit to be reasonable and not frivolous concerning the identity of the infringer); *Nutrivita Labs., Inc. v. VBS Distribution*, 160 F. Supp. 3d 1184, 1191 (C.D.  Cal. 2016) (following entry of a voluntary dismissal with prejudice in favor of defendant in a

copyright infringement case, district court considered the *Fogerty* factors and the facts of the case "holistically" and determined that in its discretion a fee award was not merited).

### 3.  Kinon Brought This Case with Proper Motivation

"'A finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation.'" *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-00496 SOM/BMK, 2015 U.S. Dist. LEXIS 127213 (D. Haw. Sep. 23, 2015), quoting *Hall v. Cole*, 412 U.S. 1, 15 (1973). A reasonable, objective assessment of Kinon's conduct in both bringing and prosecuting this case leads to the conclusion that Kinon was not motivated by bad faith or improper purposes. Kinon was, and continues to be, motivated by proper purposes.

"It goes without saying that protection of one's copyright constitutes a permissible motivation in filing a copyright infringement case against one whom the copyright holder believes in good faith to have infringed the copyright." *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1245 (S.D. Fla. 2008). That was Kinon's motivation all along. By contrast, "'(b)ad faith litigation conduct includes initiating a lawsuit for the purposes of harassment (or for another improper motive), obstructing discovery, disobeying court orders, failing to adequately research the law and facts, and otherwise pursuing litigation in an improper and unprofessional manner.'" *Olem Shoe Corp. v. Wash. Shoe Co.*, No. 09-23494-CIV-HUCK, 2015 U.S. Dist. LEXIS 186041, at *51-52 (S.D. Fla. Oct. 5, 2015) quoting *Klein & Heuchan,* at *14-5.

Kinon was not motivated by bad faith. Kinon registers its original and creative resin panel patterns with the Copyright Office to protect them from infringement. (DE 154-1 at 159). This case provides a perfect example why Kinon's motivation to protect its original and creative designs from infringement is a valid motivation LTW specified to Kinon the look of a design for use at the Grand Hyatt Dalian that Kinon developed into Pattern 228. (DE 154-1 at 181, 189-90). After considering samples of Kinon Pattern 228, LTW procured the purchase of 2 sheets of

Kinon Pattern Number 228 sized 4' x 10' for use in the mock-up rooms constructed for evaluation of interior designs specified for the Grand Hyatt Dalian. (DE 154-1 at 107; Ex. 6b). The copying that followed, and the display of photographs of the copies of Kinon's pattern by Hyatt, made it impossible for Kinon to sell the pattern for use in interior designs in future. Protecting Kinon's works is a proper motivation for bringing a suit for copyright infringement.

Hyatt argues that Kinon's failure to mitigate damages by providing any pre-suit notice is determinative of improper motivation. (DE 158 at 7-9). Lack of pre-suit notice is not relevant to motivation in our case because by the time Kinon filed suit the damage was done. Hyatt, even after suit was filed, waited six months before taking the images off its website, highlighting the futility of any pre-suit notice. This totally undermines Hyatt's mitigation argument. The single case Hyatt Corporation cites that does not follow the mitigation of damages pattern is even more inapposite. See *Dawes-Ordonez v. Realtor Ass'n of Greater Fort Lauderdale, Inc.*, No. 09-60335-CIV, 2010 U.S. Dist. LEXIS 150136, at *3 (S.D. Fla. Sep. 1, 2010) (where the court held that an award of attorney's fees was warranted when the "Plaintiff delivered photographs to her client, she constructively delivered the work to RAGFL and knew that the subject photographs would be displayed on the MLS. Because Plaintiff knew that the subject photographs would be displayed on the MLS, the Court finds that Plaintiff's failure to provide RAGFL with notice of alleged copyright infringements prior to filing suit was objectively unreasonable, demonstrates a questionable subjective motivation").

The panels in the Grand Hyatt were strikingly similar to Kinon's and the jury agreed. (DE 135). Whether or not the honorable district court agreed is irrelevant. Striking similarity was a jury question. Hyatt failed to move post-trial to set the jury's verdict determination aside, which speaks volumes.

**4. An Award of Costs and Fees Will Undermine the Animating Purposes of The Copyright Act, and There is no Need for Compensation or Deterrence.**

The Copyright Act attempts to strike a balance between the two competing goals of encouraging and rewarding authors creations while also enabling others to build on that work.  See *Kirtsaeng* at 1986.  "(D)efendants who seek to advance a variety of meritorious **copyright defenses** should be encouraged to litigate them to the same extent plaintiffs are encouraged to litigate **meritorious claims of infringement.**" *Fogerty* at 527 (emphasis added).  The explicitly stated purpose of this provision is because "it is peculiarly important that the law's boundaries be demarcated as clearly as possible.  Thus, a defendant seeking to advance **meritorious copyright defenses** should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate **meritorious infringement claims**." *Id.*

This factor in many ways is a composite of the other three (3).  *See e.g. Malibu Media, LLC v. Pelizzo*, 604 F. App'x 879, 881 (11th Cir. 2015) (in affirming the district court's denial of fees to the prevailing party under § 505 the court held that "(a)s for considerations of compensation and deterrence, we evaluate those factors as "inextricably intertwined" with the reasonableness and frivolity of Malibu's claims.  If Malibu's claims were properly brought and properly maintained, then they properly served the purposes of the Copyright Act").

Every copyright claim and defense put to the jury was decided in favor of Kinon.  Hyatt Corporation managed a successful causation defense, at the expense of its affiliate; Hyatt Corporation's successful use of the empty chair in no way helps demarcate the boundaries of copyright law.  An award of attorney's fees should be denied as it would further neither goal.

**C.      Kinon did not Obtain a Judgment, Therefore Hyatt Cannot be Awarded Fees and Costs under Rule 68.**

Rule 68(d) provides:

> **(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. Rule 68(d).

Rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff." *Delta Air Lines v. August*, 450 U.S. 346, 352 (1981). Rule 68 has no application to cases where the "defendant obtained the judgment." *Id*. "Federal Rule 68 does not allow a defendant to recover costs when judgment is entered in the defendant's favor." *Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 755 (9th Cir. 2010) "The plain language of Rule 68(d) contemplates the offeree (here, the Plaintiff) having obtained a judgment, which, of course, did not happen." *Fodere v. Lorenzo*, No. 09-23120-CIV-KING/MCALILEY, 2012 U.S. Dist. LEXIS 200006, at *5 (S.D. Fla. May 16, 2012).

Here, the judgment entered at Dkt. 137 was in favor of Hyatt. Kinon did not obtain a judgment in its favor. Hyatt offers no authority permitting a defendant who obtains a judgment to recover attorneys' fees and costs under Rule 68(d). Kinon's failure to obtain a judgment is fatal to Hyatt's claim for attorneys' fees and costs under Rule 68.

**D.   The Results Obtained by Kinon were More Favorable than Hyatt's Rule 68 Offer therefore Hyatt's Offer of Judgement was Ineffective and cannot Support an Award of Fees and Costs to Hyatt.**

The purpose of Rule 68 is to encourage settlement and avoid litigation. *Marek v. Chesny*, 473 U.S. 1 (1985). "An offer under Rule 68 must be unconditional in order to be effective." *Buslepp v. B&B Entm't, Ltd. Liab. Co.*, No. 12-60089-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 144433, at *8 (S.D. Fla. Oct. 5, 2012) quoting *Whitcher v. Town of Matthews,* 136 F.R.D. 582, 585 (W.D.N.C. 1991). Conditions imposed in an offer of judgment have value, and that value needs to be considered in determining whether, under Rule 68(d), the judgment obtained was not more favorable than the terms of the offer of judgment. *Danow v. Law Office of David*

19
**SRIPLAW**

*E. Borack, P.A.*, 367 F. App'x 22 (11th Cir. 2010).  Even assuming Rule 68(d) applies, Hyatt's offer was not more favorable to Kinon than the result Kinon obtained which confirmed the validity of its copyright, its registration, the striking similarity of the panels in the Grand Hyatt Dalian, and left open the liability of the other Hyatt entities sued in *Kinon II* for infringement.

Hyatt's offer was not unconditional; far from it.[2] Hyatt's offer was conditioned on, among other things, Kinon executing a general release to Hyatt Corporation and other unnamed, unknown, and unascertainable entities related to Hyatt. The general release required Kinon to "remise, release, acquit, satisfy, and forever discharge" this suit against any and all entities that Hyatt decided could benefit from it provided they could be described as Hyatt's "**respective past and present affiliates, subsidiaries, parent companies, officers, directors, shareholders, employees, representatives, agents, attorneys, heirs, successors, and assigns.**" (Dkt. 158-1 at 13).  The release broadly covered all claims **"existing or potential, actual or alleged, suspected or unsuspected, foreseen or unforeseen, accrued or hereafter accruing, which Kinon now has or could have had . . . relating to or arising out of any facts, directly or indirectly, concerning the Action."** (Dkt. 158-1 at 13).

Kinon could not accept this release, and the jury's verdict was more favorable to Kinon than the terms of this release for several reasons. *First*, the release of "**past and present affiliates**" would have included Hyatt International Corporation and the other defendants in the *Kinon II* case, entities that Hyatt Corporation pointed the finger at in trial as responsible. *Second*, the release includes future claims that are "**potential, . . . unsuspected, . . . unforeseen, . . . or**

---

[2] Hyatt referred to its offer as one made "to settle … without any admission of liability or fault" and conditioned its offer on execution of a broad general release. (DE 158 at 3).  A release of liability on one hand, and an offer to have judgment entered against a party on the other, are mutually exclusive. Conditioning an offer on a broad general release, as Hyatt did, is improper. Entry of a self-executing judgment that explicitly absolves the party against whom it is entered of any liability entirely defies logic. See *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011).

**SRIPLAW**
23101 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

**hereafter accruing,"** including other claims for infringement of Kinon's Pattern 228 by Hyatt and its "**past and present affiliates."** Such a broad release including future claims is no different than a license to Hyatt and its affiliates to use Kinon's Pattern 228 any way they wish in the future with no compensation or recourse by Kinon.

*Third*, the offer fails to provide for any injunctive relief to Kinon, a valuable element of relief Kinon sought in its Complaint and that it would have been entitled to receive had it prevailed. The failure of the offer to provide for any injunctive relief, especially in this case where Hyatt refused to remove the infringing photographs from its website for six months after the case was filed, justifies a determination that the offer was insufficient to support a fee award. See *Buslepp* at *9 ("Plaintiff's Complaint clearly seeks injunctive relief.  See, Compl. at 10, 11. Thus, the Court agrees with Plaintiff that because the Rule 68 Offer does not contain the full relief sought by Plaintiff, it does not moot Plaintiff's claims").

The purpose of Rule 68 is to encourage settlement and avoid litigation. Hyatt's offer did not comply with the purpose of the rule because of the broad release it contained, the license it provided Hyatt and its affiliates, and its failure to provide for injunctive relief. Kinon could not accept the offer made by Hyatt because there still would have been triable issues

Hyatt knew its offer could not be accepted for these reasons. Hyatt's offer was therefore made in bad faith. Bad faith is clear from the sheer breadth of the release that the offer was conditioned upon in that it included absolution for future infringement tantamount to a license for all Hyatt entities that would have allowed Hyatt Hotels Corporation and all of its subsidiaries, including Hyatt International Corporation and Hyatt International Technical Services Inc., to continue infringing on Kinon's Pattern 228 worldwide. Bad faith is clear from the wide scope of the

release that included the Hyatt affiliates that Hyatt pointed its finger to at trial. Bad faith is clear

from the amount of the offer which was only about 5% of Kinon's damages presented to the jury.

**E.      The Discretion to Award Attorneys' Fees to the Prevailing Party Granted Courts by Congress under § 505, and the *Fogerty* Factors that Apply to that Discretion, Trump Rule 68(d)'s Cost Shifting Provision.**

Rule 68(d) provides that if the judgment the offeree obtains is not more favorable than

the offer, "the offeree *must* pay the costs incurred after the offer is made." Fed. R. Civ. P. Rule

68(d)(emphasis added). An award of costs under Rule 68(d) includes all costs properly awarda-

ble under the relevant substantive statute. *Marek,* 473 U.S. at 9. That statute here is § 505 which,

by its plain language, makes attorney's fees awardable by the court in its discretion as "part of

the costs." 17 U.S.C. § 505 ("the court *may* also award a reasonable attorney's fee to the prevail-

ing party as part of the costs.").

Obviously, the discretionary fee provision in the statute enacted by Congress cannot

trump the mandatory cost shifting provision contained in the rule adopted by the judiciary. Ra-

ther, the discretionary language included in the statute is not abrogated by the mandatory lan-

guage contained in the court promulgated Rules of Civil Procedure to the extent they conflict.

Hyatt argues the opposite. (Dkt. 158 at 16-7). Hyatt claims that the Supreme Court's de-

cision in *Marek,* and the Eleventh Circuit's decision in *Jordan v. Time Inc.*, 111 F.3d 102 (11th

Cir. 1997), mandate an award of all of Hyatt's attorneys' fees pursuant to an unaccepted Rule 68

offer even if the court believes, in its discretion exercised under § 505, that Hyatt is not entitled

to those fees.

Hyatt is wrong. In *Marek*, the Supreme Court emphasized that "all costs *properly award-*

*able* in an action are to be considered within the scope of Rule 68 'costs.'" *Marek*, 473 U.S. at 9

(emphasis added). The italicized phrase "*properly awardable*" is key because, obviously, a court

rule adopted by the Supreme Court cannot make an award of fees automatic when Congress has

made it discretionary. See *Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638, 646 (7th Cir. 2001) (The term "costs" in Rule 68 was intended to refer to "all costs *properly awardable* under the relevant substantive statute or other authority" as held in *Marek*). Accord *Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir. 1986), cert. denied, 481 U.S. 1029 (1987).

*Jordan* did not hold otherwise. In *Jordan,* the Eleventh Circuit remanded to the district court to consider an award of fees to the defendant since the prevailing plaintiff had obtained a judgment that was less favorable than the offer. *Jordan* at 105. The Eleventh Circuit never held that the attorney's fees determination to be made by the district court on remand under § 505 should be different than any other discretionary fee award, nor did the Eleventh Circuit hold that such an award was mandatory under Rule 68.  See *Jolly v. Coughlin*, 92 Civ. 9026 (JGK), 1999 U.S. Dist. LEXIS 349, at *44 n.13 (S.D.N.Y. Jan. 14, 1999) ("The *Jordan* court did not address whether there were any limitations on the recovery of attorneys' fees by prevailing defendants under the Copyright Act and whether those limitations would apply in that case"); *Hescott v. City of Saginaw*, 757 F.3d 518, 529 (6th Cir. 2014) ("The court in *Jordan* made no mention of *Mare* "s limiting language that Rule 68 'costs' include attorneys' fees only when fees are properly awardable under the relevant statute").

Even if Hyatt met all the requirements under Rule 68, which Kinon disputes, this Court's award of attorneys' fees to Hyatt is still discretionary under §505. Under that discretion, and pursuant to *Fogerty,* Hyatt is not entitled to its attorneys' fees for the reasons explained above.

## F.    Hyatt's Attorneys' Fees are not Reasonable

Section 505 does not authorize an award of all attorneys' fees, but only of a "reasonable" attorneys' fee.

> It has been said that such an award should be made sparingly and in a modest amount, and it has been held that a "reasonable attorney's fee" under the

Copyright Act is an amount less than the fee that would be proper between client and attorney. Moreover, the amount of such fee (as distinguished from the reason for its award as discussed below) should be based on the reasonable value of the services rendered, without adding any additional amount by way of penalty.

5-14 Nimmer on Copyright § 14.10.

Hyatt has sought fees for 10 attorneys and 7 paralegals in the amount of $500,248.10 without consideration whether the fees for its efforts were reasonable. All Hyatt has done is submit a lodestar amount. Hyatt failed to offer any evidence that this lodestar amount is reasonable, a determination of reasonableness being the first step in the process. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Hyatt's fee request of $500,248.10 is for all hours, not all hours reasonably expended. Consideration must be given to the jury's verdict which favored Kinon on all issues Hyatt disputed except the one on which it deflected blame towards affiliated Hyatt companies. None of Hyatt's attorneys' efforts to defend this case were reasonable in light of the jury's ultimate determination. The only portion of Hyatt's efforts that actually bore fruit related to its empty chair defense, and that resulted in the filing of a second lawsuit. None of Hyatt's attorneys' fees were reasonable in view of the result obtained.

Hyatt fails to consider the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine whether an award of fees is justified.[3] In particular, the results obtained factor justifies the denial of fees altogether.

---

[3] The *Johnson* factors are (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. *Id. Johnson* continues to apply to fee in the Eleventh Circuit pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc). See *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1195 n.8 (11th Cir. 2019).

## 1.  Hyatt's Attorneys' Fee Request is Unsupported.

Kinon has analyzed Hyatt's bills and set forth its determination of what items are excludable and the reasons why in Exhibit 1 attached hereto. **To be clear, none of Hyatt's billing entries should be compensable because none of the attorneys' fees incurred by Hyatt were reasonable under the *Johnson* factors, especially the results obtained.**  However, in the event that this Court determines that Hyatt's attorneys' fees set forth in its motion are compensable, they should be reduced by the amounts that are not recoverable for the reasons below and set forth in Exhibit 1.

Kinon objects to $130,594.70 of attorneys' fees sought by Hyatt that are not supported by any of its attorneys' billing statements. Hyatt's billing entries begin on May 1, 2019, and Hyatt's itemized bill totals $369,653.40 (DE 158-1 at 22-115), but it seeks to recover $500,248.10 in total. (DE 158-1 at 14, 16, and 21). Hyatt's claim for $130,594.70 in attorneys' fees that are unsupported must be denied out of hand.

## 2.  Hyatt's Attorneys' Fee Request is Excessive, Redundant, and Unnecessary.

Hyatt's remaining $369,653.40 fee request that remains after deducting Hyatt's unsupported requests for fees is excessive. None of these fees are reasonable considering the results obtained.

Mr. Goins' participation in this case in particular was not reasonable. He presented no witnesses at trial, did not give opening or closing, and did no voir dire. Mr. Goins took one deposition in the case, that of Rich Satz, and no part of that deposition was used at the trial.  Mr. Goins examined Mr. Satz at deposition in excruciating detail regarding Kinon's material, and none of the testimony extracted by Hyatt was at all useful to its case. (DE 75-6 at 183-184). All of Mr. Goins' work related to issues on which Hyatt failed to prevail. Hyatt's request for $210,496.00 of fees for Mr. Goins is not reasonable.

Even if this Court believes that some of Hyatt's attorneys' fees were reasonable, Hyatt failed to exercise billing judgment[4] resulting in excessive fees that are not compensable. Kinon objects to entries amounting to $132,259.80 as excessive, $42,990.80 as redundant, and $3,086.40 as unnecessary.

Kinon objects to $132,259.80 as excessive. For example, Hyatt's attorneys billed for up to 6.2 hours for drafting emails. (DE 158-1 at 35-6). Hyatt's attorneys also billed over seventy hours to review documents and conduct meetings with its expert Cenatempo who Hyatt never called as a witness at trial.

Kinon objects to $42,990.80 in fees as redundant. Multiple Hyatt attorneys billed for the same activities. For example, Ms. Ferguson's deposition transcript was reviewed multiple times by Attorneys Goins,  Fischman, Luck, and Rose and paralegals Simon, Perdomo, and Ramos for a total of $3,229.80. (DE 158-1 at 47, 52, 55, 56, 58, 61, 77, 78, and 88).

Kinon objects to entries of $3,086.40 as unnecessary, such as research conducted after the filing of confidential information (DE 158-1 at 61) where Hyatt never made use of that research.

### 3. Hyatt's Attorneys' Billing Lacks Particularity.

Kinon objects to $17,033.80 of attorneys' fees sought by Hyatt where the tasks performed are not described with sufficient particularity. Many of Hyatt's billing entries are vague and fail to describe the task performed with enough detail to determine whether it was reasonable. Complicating matter further, many of the documents filed by Hyatt in support of its motion are barely legible. Hyatt's failure to provide the court with sufficient evidence to allow the court

---

[4] See *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). See also *Copeland* v. *Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) ("'In the private sector, "billing judgment" is an important component in fee setting.  It is no less important here'"); *ACLU v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999) ("Defendants have put forward specific arguments designed to show that many of the hours submitted by the plaintiffs in connection with a given task indicate a lack of proper billing judgment").

to determine if the requested costs and fees are reasonable justify their refusal. See *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). See also, *Flexiteek Ams., Inc. v. Plasteak, Inc.*, No. 12-60215-CIV, 2016 U.S. Dist. LEXIS 189201, at *64 (S.D. Fla. Feb. 5, 2016) ("(T)he fee applicant bears the initial burden of submitting evidence sufficient to allow the court to confirm that the requested fees are not excessive").

### 4. Hyatt's Block Billed Entries are not Compensable.

Kinon objects to $11,204.40 of Hyatt's attorneys' block-billing.[5] For example, Mr. Luck billed 1.6 hours for "(d)rafted, proofed, finalize, and e-filed Hyatt Corporation's Motion to Extend Select Pretrial Deadlines."[6] (DE 158-1 at 22). E-filing is clearly clerical in nature and unrecoverable. By combining clerical work in a block with other compensable work makes it impossible to determine how much time was spent on the compensable task and how much was spent on the non-compensable task. The result is that all block billed entries are not compensable.

### 5. Hyatt's Attorneys' Work on Unrelated Matters is not Compensable.

Kinon objects to $2,676.40 of work performed on unrelated matters that are not compensable. Hyatt's attorneys submitted billing entries after the trial on a "new" or "subsequent lawsuit." (DE 158-1 at 75). These entries cannot be for Hyatt Corporation since Hyatt took the position at trial that other entities are responsible. Hyatt cannot seek fees incurred by defendants that are not a party to this suit. Work performed on other cases is not compensable. See *Maner v. Linkan LLC*, 602 F. App'x 489, 491 (11th Cir. 2015) citing *Hensley* at 1941 ("The district court also has the discretion to exclude work performed on unrelated actions").

### 6. Hyatt's Attorneys' Work on Clerical and Administrative Tasks is not

---

[5] Block billing is defined as "the practice of including multiple distinct tasks within the same time entry." *Ovalle v. Perez*, No. 16-CV-62134, 2017 U.S. Dist. LEXIS 186494, at *9 (S.D. Fla. Nov. 9, 2017).
[6] This particular entry is further complicated by the fact that Mr. Luck billed for drafting the same document the day before, as did Attorney Jenna Fischman. It is unclear who drafted, revised, and edited this motion as well as when these activities took place. These entries highlight the duplicitous and duplicative nature of Hyatt Corporation's bill.

**Compensable.**

Kinon objects to $4,721.40 as clerical or administrative and not compensable, including work that does not require an attorney.  See *Key W.  Tourist Dev. Ass'n v. Zazzle, Inc.*, No. 10-10100-CIV, 2013 U.S. Dist. LEXIS 201451, at *17 (S.D. Fla. Jan. 9, 2013) ("These tasks, which do not require an attorney, are attributable to clerical work.  Clerical work is not compensable as attorneys' fees"); *Access for the Disabled, Inc. v. Leder*, No. 02-60311-CIV-MARRA/SELTZER, 2008 U.S. Dist. LEXIS 131244, at *10 (S.D. Fla. Sep.  26, 2008) ("Such labor represents clerical and/or secretarial time and is not properly compensable").  Fees for e-filing (DE 158-1 at 22, 32, 70), preparing binders (DE 158-1 at 60, 85), administrative phone calls (e.g. DE 158-1 at 60), and other secretarial charges are non-compensable.

### 7.  Reasonable Hourly Rate

None of Hyatt's attorneys' hours were reasonable. However, Kinon does not object to Hyatt's attorneys' hourly rates.

### 8.  Hyatt's Costs are Limited to the Enumerated Costs in 28 U.S.C. § 1920.

While § 505 refers to "full costs," that term does not expand the categories or kinds of expenses that may be awarded as 'costs' under 28 U.S.C. § 1920, and therefore Hyatt is limited to only the six categories of costs in § 1920. *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 874 (2019) (The term "full" in "full costs" is a term of quantity or amount and does not expand the categories of costs recoverable in copyright cases which are limited to those allowed in 28 U.S.C. § 1920).

Hyatt already filed its motion for costs pursuant to 28 U.S.C. § 1920. (DE 153). The costs sought by Hyatt in its motion for fees and costs all fall into categories that are beyond the scope of § 1920 and its motion filed at DE 153. The Supreme Court determined in *Remini St.* that recovery of these costs is not authorized by § 505. Therefore, Hyatt's request for them should be

denied.[7]

Hyatt's argument that "out-of-pocket" expenses beyond the six categories of costs in §
1920 are recoverable (DE 158 at 1-2 and 14-16) is wrong.[8] The Supreme Court determined this
adversely to Hyatt in *Remini St.,* 39 S. Ct. at 876 ("The question presented in this case is whether
the Copyright Act's reference to 'full costs' authorizes a court to award litigation expenses be-
yond the six categories of 'costs' specified by Congress in the general costs statute. The statu-
tory text and our precedents establish that the answer is no.")

### 9. Fees Associated with Jonathan Goins' Pro Hac Vice Application are not Recoverable

Hyatt Corporation seeks to recover costs and fees related to the Pro Hac Vice application
of Attorney Goins. Goins is one of three lawyers on this case, two of whom are admitted in this
district. Since competent representation was obviously available in this district, all costs associ-
ated with the pro hac vice petition should be denied.[9]

---

[7] Even if recovery for the costs claimed in the instant motion is somehow authorized by statute, the categories of costs claimed by Hyatt are all ones that have previously been refused. Meals and parking are not compensable. *Porcelanas, S.A. v. Caribbean Resort Suppliers, Inc.*, No. 06-22139-CV-COOKE/TUR, 2008 U.S. Dist. LEXIS 125665, at *18 (S.D. Fla. Nov. 26, 2008) ("Defendant submits a total of $39 in parking fees. These costs are outside the parameters of § 1920… Meals are not compensable under the relevant statute"). Travel is not taxable. *Fernandez v. Elder Care Option, Inc.*, No. 03-21998-CIV-LENARD-KLEIN, 2006 U.S. Dist. LEXIS 103942, at *4-5 (S.D. Fla. June 8, 2006) ("The greater weight of authority holds that attorney travel expenses are not taxable, and the Eleventh Circuit opinions cited do not specifically hold otherwise"); *White v. Creative Hairdressers, Inc.*, No. 11-60723-CIV-MARTINEZ/MCALILEY, 2013 U.S. Dist. LEXIS 197193, at *11 (S.D. Fla. July 15, 2013) ("Attorney travel expenses are not specifically enumerated in the statute and are not recoverable") *Johnson v. Communs. Supply Corp.*, No. 05-60510-CIV-ALTONAGA, 2006 U.S. Dist. LEXIS 90344, at *8-9 (S.D. Fla. Dec. 14, 2006) ("The undersigned has reviewed the costs and finds that travel expenses are not taxable pursuant to § 1920"); *Perez v. Saks Fifth Ave., Inc.*, No. 07-21794-CIV-MOORE/SIMONTON, 2011 U.S. Dist. LEXIS 161504, at *8 (S.D. Fla. Feb. 14, 2011) ("Attorney travel expenses are generally not taxable under 28 U.S.C. § 1920").

[8] Hyatt seeks recovery of costs in the amount of $55,045.31. (DE 158 at 16). However, the backup Hyatt submits to support its costs in Exhibits 2, 3 and 4 do not equal the total claimed. (DE 158 at 96 and 116). The actual amount of costs Hyatt appears to have incurred in all these exhibits is $27,261.85, but that is far from clear from Hyatt's motion since Hyatt's submission is duplicative, redundant, and fails to justify its costs claim. Kinon cannot determine what charges are included in Hyatt's request and how Hyatt arrived at the amounts it claims. Thus, even if permitted as costs, the entire amount should be disallowed because Hyatt failed to properly support it.

[9] While there is a split of authority on whether pro hac vice fees are even recoverable at all, the better view is to deny those costs. *Covington v. Ariz. Bev. Co.*, No. 08-21894-CIV-SEITZ/O'SULLIVAN, 2011 U.S. Dist. LEXIS 19912, at *9 (S.D. Fla. Jan. 25, 2011) ("The undersigned is persuaded by the reasoning in *Eagle Ins. Co. v.*

29

**SRIPLAW**

**10. Hyatt's Request for "Fees on Fees" Should be Denied**

Hyatt seeks its fees for filing and pursuing its motion for attorneys' fees. Kinon objects to

$34,044.60 in fees Hyatt seeks on this basis, of which $6,922.60 is not objected to under any

other objection.

Hyatt's request for fees on fees should be denied.  Section 505 does not authorize an

award of fees on fees.[10] See *Shame on You Prods. v. Banks*, No. CV 14-03512-MMM (JCx),

2016 U.S. Dist. LEXIS 195690, at *56 (C.D.  Cal. Aug.  14, 2016) ("(i)t is not clear that fees on

fees are available under § 505"). Awarding fees on fees is inconsistent with the purposes behind

§ 505 and the Copyright Act.

## IV.   CONCLUSION

Hyatt's Motions for Costs and Fees under 17 U.S.C. § 505 and Fed. R. Civ. P. Rule 68

should be denied.

Dated:  November 12, 2019                    Respectfully submitted,

<div style="margin-left:40%">

*/s/Joel B.  Rothman*

JOEL B.  ROTHMAN

Florida Bar Number 98220

joel.rothman@sriplaw.com

CRAIG A.  WIRTH

Florida Bar Number:  125322

craig.wirth@sriplaw.com

**SRIPLAW**

</div>

---

*Johnson*, 982 F. Supp. 1456 (M.D. Ala. 1997) and *Exhibit Icons, LLC v. XP Cos., LLC*, 609 F. Supp. 2d 1282 (S.D. Fla. 2009) that pro hac vice fees are not recoverable under Section 1920"); *Daniel-Rivera v. Everglades Coll.*, No. 16-60044-CIV-DIMITROULEAS/SNOW, 2017 U.S. Dist. LEXIS 93936, at *16 (S.D. Fla. June 15, 2017) (§ 1920(1) does not explicitly cover the latter and that there is a split of authority on whether they are taxable … The undersigned finds to be persuasive the cases from trial courts within this Circuit holding that fees associated with *pro hac vice* applications are not recoverable, particularly where, as here, the Plaintiff was represented by competent counsel from within this district as well as by out-of-district counsel").

[10] The only case in this district that appears to have considered the issue is *Prof'l LED Lighting, Ltd. v. Aadyn Tech. Ltd. Liab. Co.*, No. 14-cv-61376, 2015 U.S. Dist. LEXIS 189341, at *21 (S.D. Fla. July 22, 2015). The court there granted the request for fees on fees based upon a review of non-copyright cases decided in the Eleventh Circuit where fees on fees have been awarded. Kinon submits that non-copyright cases should not control where the important policies underlying § 505 are at issue.

**SRIPLAW**

21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Kinon Surface Design, Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on November 12, 2019, a true and correct copy of the foregoing document was served by electronic mail to all parties listed below on the Service List.

*/s/Joel B.  Rothman*_____
JOEL B.  ROTHMAN

## SERVICE LIST

Mr. David L.  Luck
Mr. Todd Ehrenreich
Ms. Jenn L.  Fischman
Mr. Jonathan D.  Goins
Lewis Brisbois Bisgaard & Smith, LLP
2 Alhambra Plaza
Suite 110
Coral Gables, FL 33134
david.luck@lewisbrisbois.com
todd.ehrenreich@lewisbrisbois.com
jenna.fischman@lewisbrisbois.com

Attorneys for Hyatt Corporation